# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**LLOYD T. SCHUENKE,**
**MARGARET R. CURTIN,**

Plaintiffs,

**Case No. 06-C-616**

-vs-

**CITY OF MILWAUKEE, MUNICIPAL JUDGE**
**DEREK MOSLEY, CITY ATTORNEY DAVID STUNDSZ,**
**CITY ATTORNEY MEGAN CRUMP, BAILIFF**
**CHARLENE PAYNE, P.O. J. KAMINSIA,**
**JANE/JOHN DOE,**

Defendants.

-------------------------------------------------------------------

**LLOYD T. SCHUENKE,**

Plaintiff,

-vs-

**Case No. 06-C-680**

**CITY OF MILWAUKEE,**
**P.O. BROOKE GAGLIANO,**

Defendants.

---

## DECISION AND ORDER

---

In these consolidated civil rights actions under 42 U.S.C. § 1983, Lloyd Schuenke

("Schuenke") alleges that he was subject to an unreasonable search and seizure when he

received a municipal assault and battery citation from a Milwaukee Police Officer. While

attending a hearing on the same citation, Schuenke and his girlfriend, Margaret Curtin

("Curtin"), also allege that they were subject to an unreasonable search and seizure on suspicion of stealing a third-party's cell phone. The defendants move for summary judgment.[1] For the reasons that follow, this motion is granted.

## BACKGROUND

In their motion, the defendants complied with Civil L.R. 56.1 (E.D. Wis.) (Summary Judgment Motions in Pro Se Litigation) by providing a "short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion." Civil L.R. 56.1(a)(1). Milwaukee County also re-produced the text of Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1, *see* Civil L.R. 56.1(a)(2), and the motion was properly served on Schuenke and Curtin at their last known addresses. However, Schuenke and Curtin failed to respond to the defendants' motion. Therefore, the defendants' factual allegations are accepted as true and adopted as the Court's findings of fact for purposes of this motion.[2] Those facts are as follows:

On January 9, 2006, Milwaukee Police Officer Brooke Gagliano responded to 2327 South 7th Street regarding a battery complaint. A woman at that location stated that while

---

[1] By previous orders, the Court dismissed the following defendants from this action: Milwaukee County Municipal Court Branch #2, Milwaukee County Sheriff's Department, City of Milwaukee Attorney's Office, Milwaukee Police Department District #1, Milwaukee Police Department #2 (Docket No. 6) and Milwaukee County (Docket Nos. 44, 45).

[2] It is problematic, especially in the context of *pro se* litigation, that the defendants did not file proposed findings of fact. *See* Civil L.R. 56.2(a). The Court will excuse this omission since the defendants' brief includes a "statement of facts" section which meets the substantive requirements of the local rule.

-2-

visiting friends, the group was drinking and had become rowdy. Schuenke began arguing with the woman and asked her to leave. When she refused, Schuenke pushed the woman down a set of stairs. Gagliano did not observe any injuries on the woman, but the woman complained of redness to her body and of general pain. Officer Gagliano issued a municipal assault and battery citation to Schuenke. Assistant City Attorney Megan Crump later approved the citation for filing in municipal court.

On May 1, 2006, Schuenke and his girlfriend, Ms. Curtin, were in Branch 2 of the Milwaukee Municipal Court on a discovery hearing related to the above-noted citation. There was a woman in the courtroom who had business unrelated to the Schuenke matter. After completing her matter, the woman left but later returned in a panic, explaining that she could not find her cell phone. After an unsuccessful effort to find the phone, the lady left the courtroom and Schuenke's hearing proceeded.

After Schuenke and Curtin left the courtroom, another woman entered the courtroom area and approached Judge Derek Mosley ("Judge Mosley"), his bailiff Charlene Payne ("Officer Payne"), and Assistant City Attorney David Stanosz ("Stanosz"). This woman asserted that Curtin had a cellphone cover or case on her person. Stanosz proceeded out into the hallway, found Schuenke and Curtin, and told them that they should not leave. Judge Mosley told Officer Payne to go out into the hallway and see if Schuenke and Curtin were still there.

In the hallway, Officer Payne asked Curtin if she had the cell phone. Curtin denied having it. Officer Payne then asked Curtin whether it would be okay with her to go into the

-3-

woman's bathroom with the officer to search her for the phone and she agreed to do so. Officer Payne patted Curtin down over her clothing in the privacy of the bathroom and did not find anything which felt like a cell phone. Meanwhile, in the waiting area of the municipal courthouse, Milwaukee Police Officer Jeffrey Kaminski[3] conducted a pat down search of Schuenke in pursuit of the missing cell phone. Schuenke consented to the search, but Schuenke was upset by the request and used some foul language to complain about the process.

## ANALYSIS

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

First, Schuenke claims that he was subject to an unreasonable search and seizure when Officer Gagliano issued the municipal citation. Schuenke was never taken into physical custody and never had his personal liberty restrained in any way by Officer Gagliano. The issuance of a municipal citation, even under threat of arrest for refusal to accept the citation,

---

[3] Officer Kaminski is named as "Kaminsia" in the caption of the complaint.

does not constitute a seizure for purposes of the Fourth Amendment. *See Martinez v. Carr*, 479 F.3d 1292, 1295-98 (10th Cir. 2007). Even if the issuance of a citation was considered a seizure, Officer Gagliano had probable cause to issue the citation based on the complaints of the alleged victim. "The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious." *Beauchamp v. City of Noblesville, Indiana*, 320 F.3d 733, 743 (7th Cir. 2003).

Second, Schuenke and Curtin allege that the pat-down searches outside the municipal courtroom were unreasonable under the Fourth Amendment. However, Schuenke and Curtin both consented to these searches. It is well-established that a "search authorized by consent is wholly valid." *Schenkloth v. Bustamonte*, 412 U.S. 218, 222 (1973).

Third, Schuenke and Curtin allege claims against Assistant City Attorney Crump and Judge Mosley. Both are entitled to absolute immunity. *See Sides v. City of Champaign*, 496 F.3d 820, 826-27 (7th Cir. 2007) (city prosecutors are entitled to absolute immunity from claims under § 1983); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor who issues citation or complaint even if initiated without probable cause); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) ("judges are entitled to absolute immunity for damages for their judicial conduct"); *Martinez v. Winner*, 771 F.2d 424, 435 (10th Cir. 1985) (a judge is entitled to absolute immunity when he takes actions to prevent the occurrence of a crime in his courtroom).

-5-

Fourth, Schuenke and Curtin allege that they were illegally "seized" by Assistant City Attorney Stanosz when he told them in the hallway outside the courtroom that "they should not leave just yet." However, a police officer who tells a person to "wait a second" does not subject that person to an unlawful seizure. *See Tom v. Voida*, 963 F.2d 952, 955, 956 (7th Cir. 1992). Stanosz's command that Schuenke and Curtin "not leave just yet" is indistinguishable from the command given by the police officer in *Tom*.

Fifth, Schuenke and Curtin allege equal protection violations, but there is no basis in the record to support such claims. For the same reason, there can be no conspiracy claim under 42 U.S.C. § 1985. *See Keri v. Bd. of Trustees of Purdue University*, 458 F.3d 620, 642 (7th Cir. 2006) (§ 1985 conspiracy claim must allege denial of equal protection).

Finally, in the ultimate absence of any constitutional violations, the plaintiffs cannot a civil rights claim against the City of Milwaukee as a matter of law. *See Teece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (a municipality's liability for a constitutional injury 'requires a finding that the individual officer is liable on the underlying substantive claim').

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1.    Defendants' motion for summary judgment [Docket No. 54] is **GRANTED**; and

2.    This matter is **DISMISSED** in its entirety.

        Dated at Milwaukee, Wisconsin, this 10th day of January, 2008.

                                        SO ORDERED,


                                        s/ Rudolph T. Randa
                                        **HON. RUDOLPH T. RANDA**
                                        **Chief Judge**